**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

WILLIE E. FARMER,

    *Plaintiff*,

CASE NO. 18-13189

*v.*

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA MORRIS

UNITED STATES OF AMERICA,

    *Defendant*.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON DEFENDANTS' MOTIONS TO DISMISS (R. 5)**

### I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss (R. 5) be **GRANTED**, and that Plaintiff's Complaint (R. 1) be **DISMISED**.

### II. REPORT

#### A. Background

On October 12, 2018, this case was removed from the 70th District Court for the State of Michigan to this Court. (R. 1.) The Notice of Removal indicated that the sole Defendant at the time, Jeffrey Hunter, was, at all relevant times, an employee of the U.S. Fish and Wildlife Service which is an agency of the United States of America. (R.1 at PageID.1.) Attached to the Notice was an affidavit of the Attorney General designee, Peter A. Caplan, Chief of the Civil Division, wherein he certified that Hunter was "acting within the scope of his employment at the time of the incident out of which this suit arose," and consequently the claim was against the "'United

1

States or an agency thereof.'" (R.1 at PageID.1, 2 (citing 20 U.S.C. § 1442(a)(1)); *id.* at PageID.4-5.)[1] The Court subsequently substituted the United States for Hunter. (R. 10.)

Plaintiff's pro se complaint alleges the following:

I was sitting on my porch, I saw 2 city police pass by my house, and they came back about 20 mi, and they pulled out in front of my yard, the federal police came and said who is the owner of the house, I said why then he said he want to ask me if who cut the grass next 'door'… I said me, and then he said the grass belong to wildlife US fish &wildlife. I didn't respond, and then he said he had to call 911, to come because he said the owner of 2105 he called in and the owner has a warrant for his arrest, so he work for the police and he had to have me arrested…They put handcuffs on me not telling me what wuz the warrant for or they did not read me my 'rights'. They took my weed out my pockets, they left me in the police car for 15 mi, it waz hot. He didn't let the window down, then the Saginaw police officer went to talk to my 8jr. old. I got everything on my home video. I want the judge to see that video. I was harassed harrissed and, racial discrimination . . . sue, 25,000 harrissmet/racial discriminate. 9/10/18.

(R. 1 at PageID.8.)[2]

Defendant filed the instant motion to dismiss (R.5) and although Plaintiff was ordered to respond by November 30, 2018, no response was filed nor was there any request for an extension of time in which to file a response.

## B. Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint with regard to whether it states a claim upon which relief can be granted. When deciding a motion under this subsection, "[t]he court must construe the complaint in the light most favorable to the

---

[1] Under 28 U.S.C. § 2679(d)(2), when the Attorney General certifies that "the defendant employee was acting within the scope of his office or employment" the claim "shall be removed . . . by the Attorney General to the [appropriate] district court for the United States . . . . and the United States shall be substituted as the party defendant." This provision applies when the case is originally brought in state court. *Id.*.

[2] This is the statement of facts in its entirety; the use of "sic" to indicate misspellings or grammatical errors was avoided.

2

plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth . . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Federal Rule of Civil Procedure 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action, it must also contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the

4

pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new," did not convert the motion to dismiss into a motion for summary judgment).

**C. Analysis**

Defendant moves to dismiss because the complaint fails to allege a waiver of sovereign immunity depriving this Court of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and because the complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6). Defendant notes that, by operation of law, the United States has substituted for Hunter and is now the sole defendant. (R.5 at PageID.30.) Defendant cites relevant and controlling authority as to why Plaintiff's complaint fails to state a claim against Defendant United States, as substituted for Hunter in his official capacity, because the complaint fails to allege a waiver of sovereign immunity and because Hunter was acting within the scope of his employment. (R.5 at PageID.33-36.)

Since the Attorney General has certified that Hunter was "acting within the scope of his employment at the time of the incident out of which this suit arose" (R.1 at PageID.1, 4-5), and the Court has ordered substitution, (R. 10), the United States, not Hunter, is the proper defendant absent any evidence provided by plaintiff that would trigger the need for an evidentiary hearing to determine the propriety of the substitution. *Buchanan v. United States*, 102 F. Supp. 3d 935,

940 (W.D. Ky 2015). Here, there has been no challenge to substituting the United States. The United States may not be sued without its consent; thus, absent an express waiver of sovereign immunity, this court lacks jurisdiction over a claim against the United States. *United States v. Testan*, 424 U.S. 392, 399 (1976). Plaintiff bears the burden to identify a waiver of sovereign immunity and if he cannot, the case must be dismissed. *Id.* In the instant case, there is no allegation of waiver; thus, the case must be dismissed.[3]

Even if Plaintiff's complaint were broadly construed to allege a claim against Hunter in his individual capacity under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), his complaint would nonetheless fail to state a claim upon which relief could be granted.

To prevail on a *Bivens* claim, a plaintiff must prove that: (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of law. *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015). A *Bivens* claim is "subject to the same limits of liability as a section 1983 action[,]" including pleading requirements. *Beale v. United States*, 853 F.2d 926, 1988 WL 81687, at *2 (6th Cir. 1988) (unpublished table decision). To state a civil rights claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege

---

[3] Even if the Court were to construe the claim as arising under the Federal Tort Claims Act (FTCA), which does provide a limited waiver of sovereign immunity for certain tort claims against the United States caused by negligent or wrongful conduct of federal employees acting within the scope of their employment, Plaintiff has not alleged that he exhausted his administrative remedies under 28 U.S.C. § 2675(a) and thus, would fare no better under this analysis. *See Levin v. United States*, 568 U.S. 503, 507 (2013); *McCann v. Desvan*, No. 1:12 CV 01510, 2013 WL3489686, at *3 (N.D. Ohio July 10, 2013) (granting motion to dismiss of claim against the United States for lack of subject matter jurisdiction and individual capacity claim because plaintiffs did not dispute that they failed to exhaust administrative remedies).

an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). "Each defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

The instant complaint fails to meet the pleading standards applicable to civil rights actions. The complaint first mentions the actions of city police passing by and returning, then it mentions that the "federal police came" and asked him about ownership of the home and who had cut the grass on purportedly federal land. (R.1 at Page ID.8.) The complaint then states that the federal officer told Plaintiff there was a warrant for his arrest and that he had to be arrested and then that "they" placed in him handcuffs and arrested him, without reading him his rights and while removing "weed" from his pockets. (R.1 at PageID.8.) The complaint then alleges that a "Saginaw police officer" spoke to his child. (*Id.*) Hunter is not mentioned and there is no allegation of any specific conduct by any individual federal officer that could be read as stating a constitutional violation or any injury caused by that conduct. Accordingly, I also recommend that the motion to dismiss be granted for failure to state a claim upon which relief can be granted as to any individual capacity claim.

### D.    Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that motion to dismiss be **GRANTED** and the Complaint be **DISMISSED**.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Caldwell v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 31, 2019                    S/ PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge

## CERTIFICATION

    I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Willie E. Farmer at 2105 Maple Street, Saginaw, MI 48602.

Date: January 31, 2019                     By s/Kristen Castaneda
                                           Case Manager